## MARION T. TRAVER v CATHERINE M. TRAVER

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10264. Decided January 20, 1930

Marie R. Wing, Cleveland, for Marion T. Traver.

Edwin Miller, Cleveland, for Catherine M. Traver.

**VICKERY, PJ.**

From the record and argument of counsel we learn that this is the outgrowth of a family quarrel and one can only regret that such suits should find their way into the courts.

It seems from the record that the defendant below and that plaintiff below were sisters in law and that the goods that belonged to the plaintiff below were placed in the possession of the defendant below with the understanding that the defendant should have the right to use them in her home and, as a matter of fact, she did use them for 1½ or two years and then, because she was about to vacate the property in which she lived, the goods were stored in a storage company's warehouse, and there is some dispute as to whether she notified the plaintiff below of her storing these goods or not. She claimed that she did tell her and asked her to get the property, the plaintiff below, however denying this.

There was no dispute but what the plaintiff was entitled to the goods and the court rightfully found the right of property to the goods in her and the right to possession of them; but when we come to the assessing of damages, we think the court committed error. The damages that would grow out of the wrongful detention was the only thing that could be recovered in this action; but it is admitted by counsel for defendant in error in open court that $75.00 of this verdict was for attorney's fees and practically all the balance of it was for damages done to the property while in use in the home of the defendant below. Such damages are not in contemplation in an action in replevin. It is damages for the wrongful detention and not damages that accrue to the goods by reason of negligence in injuring same.

We do not know where the learned judge of the court below got his authority for allowing attorney's fees. There is no warrant for it in law that we know of, nor has there been any authority for such pointed to us; however, it is frankly admitted by defendant in error that Seventy-Five Dollars was for attorney's fees. The argument is that if the defendant had delivered her goods, there would not have been any necessity for bringing the lawsuit. That is consequential damages which occurs in any lawsuit where a person does not pay or do what the law requires him to do. But attorney's fees are not recoverable as a part of the damages unless it is a tort action and the tort is committed under such circumstances that punitive damages might be recovered. In that event reasonable attorney's fees might be allowed, but in a plain action for replevin no such right to punitive damages exists and, we think, therefore, that the court erred in rendering any substantial judgment upon the record in this case against the defendant below. All the damages that are shown in this record were merely nominal damages.

We think, therefore, that the judgment should be modified so that the plaintiff below recovers from the defendant below the sum of five dollars only,—being nominal damages for the wrongful detention of the goods,—the other elements of damages not being proper in such a case.

It is now urged in argument, although no brief was filed, that the bill of exceptions was not filed in time. It seems that the court rendered his decision and within three days from that time a motion for a new trial was filed; and apparently it was treated as an equity case and a so-called decree was to be furnished and the decree was not furnished until some time thereafter, the motion for a new trial having been already overruled. Then it was sought to vacate the decree for the purpose of filing the motion again and that motion to vacate was overruled by the court.

However, a bill of exceptions was prepared and was filed with the trial judge and exceptions and suggested corrections to that bill were filed and were allowed and the bill was signed by the Judge as corrected, but no objection to the time of filing it was made, and it is in this court now and no motion was made either in the Common Pleas Court or in this court to strike the bill of exceptions off and, as already stated, if the bill of exceptions was not filed within proper time in the court below, objection could have been made and the court might have sustained those objections and refused to have signed the bill. But the bill of exceptions is not jurisdictional and the petition in error and the transcript submitted was filed in time in this court, and from the admissions of counsel in open argument as to what items made up this judgment which is sus-

tained by the bill of exceptions, we have no hesitancy in coming to the conclusion that the court committed error in rendering judgment in the amount that it did against the plaintiff in error and, as already stated the judgment is modified to the extent that the judgment be entered for five dollars instead of $129.37, and the judgment will be affirmed as modified.

Sullivan and Levine, JJ., concur.